UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUELINA RIVERA,

    Plaintiff,                                 No. 3:14cv1012 (WIG)

           vs.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____ X

## RECOMMENDED RULING ON PENDING MOTIONS

        Plaintiff Miguelina Rivera has filed this appeal of the adverse decision of the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff now moves, pursuant to 42 U.S.C. § 405(g), for an order reversing this decision, or in the alternative, for an order remanding the case for a rehearing. [Doc. # 13]. Defendant has responded with a motion to affirm the decision of the Commissioner. [Doc. # 14]. For the reasons set forth below, the Court recommends that the Commissioner's decision be remanded for further proceedings consistent with this Ruling.

## Background

        Plaintiff is 62 years old and completed up through the third grade in school. She has past experience working at a tobacco farm, as a cleaner, and as a packer in a pepper factory. (R. 62-65). She has not worked since approximately 2008. (R. 62). On February 7, 2012, Plaintiff filed an application for DIB and SSI. Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing; a hearing was held before Administrative Law Judge James E. Thomas (the "ALJ") on October 13, 2013. Plaintiff, who was represented by

counsel, provided testimony at the hearing.  Because Plaintiff does not speak or read English, a Spanish interpreter was also present at the hearing.  (R. 58-59, 61; Doc. # 13 at 1).  Upon completion of Plaintiff's counsel's examination of Plaintiff, counsel attempted to introduce as a witness Plaintiff's daughter.  (R. 72).  In response to the ALJ's question as to the purpose of this witness, counsel responded that the daughter would testify as to her unique perspective on Plaintiff's limitations and impairments, and that the daughter was better able to communicate in English.  (R. 72-73).  The ALJ expressed his view that because the daughter would testify about the same matters Plaintiff did, the testimony would be cumulative.  (R. 73).  Counsel attempted to present the point that if the ALJ was able to "make a favorable credibility finding," a witness may not be necessary, but was interrupted by the ALJ's assertion that this was not the issue. (*Id.*).  Counsel disagreed that the testimony would be cumulative, adding that the daughter would speak as to what she does to assist her mother, and as to the consistency of Plaintiff's complaints over the years.  (R. 74).  The ALJ ultimately ruled that because he had the first-hand testimony of Plaintiff, the daughter would not be allowed to testify.  (*Id.*).

On November 26, 2013, the ALJ issued a decision concluding that Plaintiff had not been under a disability from July 1, 2003 through the date of the decision.  Plaintiff filed a request for review of the ALJ's decision; the Appeals Council denied review, making the ALJ's decision final for appeals purposes.  This appeal ensued.

## Discussion

In support of her motion for remand, Plaintiff argues that the ALJ erred in not allowing her daughter to testify at the hearing.  She maintains that testimony from this witness would have supported her own testimony, thus bolstering her credibility.  Plaintiff underscores this point because the ALJ found that Plaintiff was not entirely credible in describing the severity of her

2

impairments.  (R. 41).  Plaintiff further argues that because the witness spoke English, she would better be able to describe Plaintiff's functional limitations without risk of an error in translation.

The Commissioner disagrees, averring that because the testimony would be cumulative, the ALJ properly precluded it.  The problem with the Commissioner's position, however, is that there is no way of knowing whether the witness's testimony would be redundant, or whether, as Plaintiff's counsel maintains, it would have provided a clearer, varied perspective on Plaintiff's functional limitations, and in so doing, support Plaintiff's credibility.  In support of her position, the Commissioner cites to *Daniel v. Astrue*, No. 3:09cv563(RNC), 2011 WL 3962488 (D. Conn. Mar. 21, 2011).  This case is not particularly helpful to the Commissioner, though, because it involved a third party witness who *did* provide testimony, and the disputed issue was whether the ALJ erred by failing to consider that testimony.  *Daniels* at *1.  There was no error in *Daniels* because the witness's testimony was in fact duplicative.  *Id.*  *Daniels* is inapposite because here the ALJ merely assumed, without actually confirming, that the witness's testimony would be cumulative.

It is well established that a claimant for disability benefits is entitled to "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." *Lopez v. Sec'y of Dep't of Health & Human Servs.*, 728 F.2d 148, 149 (2d Cir. 1984) (internal quotation marks omitted).  "When the ALJ fails to develop the record fully, he does not fulfill this duty and the claimant is deprived of a fair hearing."  *Id.*

The *Lopez* case was remanded after the ALJ rejected the claimant's proffered testimony as cumulative.  The Second Circuit found that the witness should have been allowed to testify: "Certainly, the corroborative testimony demonstrating [claimant's] dependence on assistance in performing functional activities would have been valuable in assessing the credibility of

3

[claimant's] testimony.  Moreover, it was simply unfair to preclude the testimony of a sole corroborative witness as cumulative by assuring appellant that her testimony would be accepted, and then reject it as incredible."  *Id.* at 150.  Here, too, testimony of Plaintiff's daughter may be relevant to and probative of Plaintiff's functional limitations, particularly since the ALJ discounted Plaintiff's credibility.   As such, the ALJ erred in precluding her testimony.  *See Corcoran v. Astrue*, No. 3:04CV946(SRU), 2009 WL 189870, at *3-4 (D. Conn. Jan. 26, 2009)(when the ALJ "did not doubt [claimant's] statements regarding his most serious allegations," and when the ALJ "credited [claimant's] descriptions of his limitations but not his final claim that these limitations rendered him disabled," it was not error for the ALJ to not hear testimony of claimant's proffered witness.).

This matter should be remanded for further proceedings consistent with this Ruling.  Specifically, Plaintiff's daughter's testimony should be allowed.  Further, the ALJ should, in his new decision, address the other issues Plaintiff raises in this appeal in order to obviate the need for repeated judicial review.

## Conclusion

For the reasons discussed above, the Court recommends that Plaintiff's motion to reverse the decision of the Commissioner and/or remand [Doc. # 13] be GRANTED, and Defendant's motion to affirm the decision of the Commissioner [Doc. # 14] be DENIED.   This matter should be remanded to the ALJ for further proceedings in accordance with this opinion.

This is a Recommended Ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling must be filed within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2). In accordance with the Standing Order of Referral for Appeals of Social Security Administration Decisions dated September 30, 2011, the Clerk is directed to transfer this case to a District Judge

for review of the Recommended Ruling and any objections thereto, and acceptance, rejection, or modification of the Recommended Ruling in whole or in part. *See* Fed. R. Civ. P. 72(b)(3) and D. Conn. Local  Rule 72.1(C)(1) for Magistrate Judges.

The Clerk's Office is further instructed that, if any party appeals to this Court the decision made after remand, any subsequent Social Security appeal is to be assigned to the Magistrate Judge who issued the Recommended Ruling in this case, and then to the District Judge who issued the Ruling that remanded the case.

SO ORDERED, this __22nd__ day of June, 2015, at Bridgeport, Connecticut.

_____*/s/ William I. Garfinkel*_____
WILLIAM I. GARFINKEL
United States Magistrate Judge