UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUELINA RIVERA,

Plaintiff,                                                            No. 3:14-cv-1012(WIG)

vs.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____ X

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Now before the Court is Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). [ECF # 19]. Plaintiff is seeking a total of $9,420.62 in fees and $60.13 in costs.[1] The Commissioner does not dispute that Plaintiff is a prevailing party who is entitled to reasonable fees, but does contend that the total hours requested are unreasonable and that the hourly rates requested are excessive. For the following reasons, Plaintiff's application is granted in part.

### Background

Plaintiff filed her complaint in this action on July 14, 2014 seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. The matter was fully brief, and on June 22, 2015, the undersigned issued a Recommended Ruling recommending that the case be remanded to the Commissioner for further proceedings. The Recommended Ruling was adopted on December 23, 2015, by Judge Bolden, the District Court judge to whom the matter was assigned.

---

[1] Included in this figure is compensation for the hours spent preparing the reply brief in support of the EAJA petition [ECF # 23].

**Legal Framework**

The EAJA directs that courts "shall award to a prevailing party . . . fees and other expenses incurred by that party," unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412 (d)(1)(A).  The party seeking an award of fees has the burden of showing that the requested fees are reasonable.  *Taylor v. Astrue*, No. 3:09cv1791(MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011).  Determination of what constitutes a reasonable fee rests within the sound discretion of the district court.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).  In *Hensley*, the Supreme Court directed the Court to "exclude from [the] initial fee calculation hours that were not 'reasonably expended.'"  *Hensley* at 434.  The Court instructed that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Id.*  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980)) (emphasis in original).

**Discussion**

1. **Hourly Rates**

Plaintiff's fee application requests the following hourly rates: $115.00 for paralegals / law clerks, and attorney rates of $196.31 in 2014 and $196.10 in 2015 and 2016.  The Commissioner argues that Plaintiff has not shown that these rates are reasonable.  The Court disagrees.  The Court will accept Plaintiff's counsel's certification that these rates accurately reflect the increase in the cost of living based on the Consumer Price Index.  *See* ECF # 19-5.

Further, the Court also finds that these hourly rates are reasonable because the rates Plaintiff's counsel proposes are equal to hourly rates previously agreed to (or not disputed) by the Commissioner and determined to be reasonable in this district. *See Roman v. Colvin*, No. 3:15CV00917(SALM), 2015 WL 9462061, at *3 (D. Conn. Dec. 28, 2015) (Commissioner did not challenge law clerk and paralegal rate of $115 or attorney rate of $196.10); *Dupuy v. Colvin*, No. 3:14CV01430 (SALM), 2015 WL 5304181, at *3 (D. Conn. Sept. 9, 2015) (Commissioner did not challenge law clerk and paralegal rate of $115.00 or attorney rate or $196.31). The Court will award fees based on Plaintiff's counsel's proposed rates.

### 2. Total Requested Hours

As this Court has pointed out on a number of occasions, Social Security cases generally require, on average, between 20 to 40 hours of attorney time to prosecute. *See Seggerman v. Colvin*, No. 3:11cv1219 (JBA), 2014 WL 2534876, at *3 (D. Conn. June 5, 2014); *Poulin v. Astrue*, No. 3:10cv1930 (JBA), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012). The relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings. *Seggerman*, 2014 WL 2534876, at *3. In this case, Plaintiff's counsel seeks reimbursement for a total of 46.55 hours of attorney time, .5 hours of paralegal time, and 2 hours of law clerk time. The transcript in this case was 673 pages, and Plaintiff did draft a comprehensive brief, however, the factual and legal issues involved were not overly complex, particularly given Plaintiff's counsel's extensive experience in this area of the law and that she represented the plaintiff at the administrative level and thus was already aware of the facts of the case. Accordingly, after a careful examination of Plaintiff's counsel's specific entries, some reduction in time is warranted.

Plaintiff seeks reimbursement for attorney time spent reviewing standard court filings and emails from the court. A reduction of time is warranted for review of standard court filings, particularly by an attorney with experience in social security cases. *See Roman v. Colvin*, No. 3:15CV00917(SALM), 2015 WL 9462061, at *3 (D. Conn. Dec. 28, 2015) (reduction for review of court filings due to the "routine nature of the ECF notices"). Further, to the extent these tasks were clerical in nature, time spent on them is not compensable under the EAJA. *See J.O. v. Astrue,* No. 3:11-cv-1768(DFM), 2014 WL 1031666, at *2 (D. Conn. Mar.14, 2014) (reduction for communication with clerk's office); *Gelinas v. Colvin*, No. 3:13-cv-891 (CSH), 2014 WL 2567086, at *2 (D. Conn. June 6, 2014) (reduction for various clerical tasks); The Court thus finds that a reduction of .8 hours in 2014 and .2 hours in 2015 is warranted.

Likewise, the Court will make a reduction for time spent preparing the EAJA petition. In this district, generally a plaintiff's attorney can reasonably bill up to two hours for preparing an EAJA petition. *See Roman*, 2015 WL 9462061, at *3. Here, Plaintiff's counsel spent a total of 7.3 hours in connection with the EAJA petition, including preparing a reply brief in support of the application. The Court finds that a reduction of this time to 2 hours is warranted. *See Barrow v. Astrue*, No. 3:11-cv-00828 (VLB) (TPS), 2013 WL 2428992, at *4 (D. Conn. June 4, 2013) (noting that the preparation of an EAJA petition largely involves clerical work); *Hosking v. Astrue*, No. 3:10CV0064 (MRK) (WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010), *report and recommendation adopted,* No. 3:10CV64 MRK, 2010 WL 4681257 (D. Conn. Nov. 3, 2010) (finding that 2.0 hours was reasonable for preparation of an EAJA application and supporting documentation). Accordingly, the Court will reduce time in 2016 by 5.3 hours.

The Court has carefully reviewed Plaintiff's counsel's itemization of time filed in support of the EAJA petition and finds the remaining time entries to be reasonable.

## Conclusion

For the reasons set forth herein, Plaintiff's Motion for an Award of Fees is granted in part. The Court awards 21.4 hours of attorney time at the 2014 rate of $196.31, 18.85 hours of attorney time at the 2015-2016 rate of $196.10, and 2.5 hours of paralegal / law clerk time at the rate of $115.00. In addition, costs are awarded in the amount of $60.13. **Accordingly, the total award of fees and costs is $8245.41**.

This is not a recommended ruling. This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this  6th  day of April, 2016, at Bridgeport, Connecticut.

    /s/ *William I. Garfinkel*
    WILLIAM I. GARFINKEL
    United States Magistrate Judge